J-S26036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND JOSEPH KANIA, II | : | |
| | : | |
| Appellant | : | No. 88 MDA 2025 |

Appeal from the Judgment of Sentence Entered November 4, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000473-2024

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:          **FILED: OCTOBER 10, 2025**

Raymond Joseph Kania II ("Kania") appeals from the judgment of sentence imposed by the Bradford County Court of Common Pleas ("trial court") following his guilty plea to possession with intent to deliver marijuana.[1] Kania's counsel, Attorney Victoria E. Martin ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Kania's judgment of sentence.

On November 4, 2024, Kania agreed to enter a guilty plea to possession with intent to deliver marijuana, arising out of his possession and maintenance

---

[1] 35 P.S. § 780-113(a)(30).

of marijuana plants, in exchange for the dismissal of his other charges. That same day, the trial court sentenced Kania to eighty-eight days to twenty-three months and twenty-nine days of incarceration. The trial court further stated that Kania would be subject to thirty days of electronic monitoring upon release. Kania filed a post-sentence motion arguing the sentence was overly harsh. The trial court denied the motion. Kania filed a timely appeal.

Counsel filed an *Anders* brief and petition to withdraw as counsel in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow counsel to withdraw without first evaluating whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018). There are mandates that counsel seeking to withdraw pursuant to Anders must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate brief on [a]ppellant's behalf).

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must contain:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Substantial compliance with the **Anders** and **Santiago** requirements is sufficient. **Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa. Super. 2022). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

We conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition to withdraw and an **Anders** brief with this Court stating that the appeal is wholly frivolous. Petition to Withdraw, 5/21/2025. Counsel attached to her petition to withdraw the letter she sent

to Kania informing him that she was filing an **Anders** brief and advising Kania of his right to proceed pro se or to retain new counsel and raise any additional issues that he deems worth of this Court's consideration. **Id.**, Attachment. In her brief, Counsel provided a summary of the procedural history and facts. **Anders** Brief at 8-10. Counsel also refers to material in the record that could arguably support this appeal and cites to relevant authority to support her conclusion that the claim Kania seeks to raise is wholly frivolous. **Id.** at 11-16. Accordingly, we conclude that Counsel has substantially complied with the procedural requirements for withdrawing from representation. **See Redmond**, 273 A.3d at 1252.

We thus turn our attention to the issue Counsel raised in the **Anders** brief: "Did the trial court abuse its discretion by imposing a sentence of 88 days followed by 30 days of electronic monitor, which [Kania] contends is excessive under the circumstances?" **Anders** Brief at 4.

This issue challenges the discretionary aspects of Kania's sentence.[2] **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008) (noting a claim that the trial court imposed an excessive sentence is a challenge to the discretionary aspects of sentencing).

> The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. To invoke this Court's jurisdiction to review

---

[2] Because Kania entered an open guilty plea he may challenge the discretionary aspects of the sentence imposed. **See Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020).

a challenge to the discretionary aspects of a sentence, an appellant must satisfy a four-part test:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citations and question marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

Our review of the record indicates that Kania filed a timely notice of appeal and post-sentence motion arguing that the sentence was too harsh. Notice of Appeal, 01/17/2025; Post-Sentence Motion, 11/12/2024. Kania also included a Pa.R.A.P. 2119(f) statement in his brief. *Anders* Brief at 10. Therein, Kania acknowledges that his sentence was at the higher end of the standard range but nevertheless argues "the sentence was unduly harsh or excessive," and "that the sentence was inconsistent with the Sentencing Code." *Id.*

- 5 -

"Bald allegations of excessiveness … do not raise a substantial question to warrant appellate review." *Commonwealth v. Watson*, 228 A.3d 928, 935 (Pa. Super. 2020). Here, Kania fails to raise a substantial question for our review as he fails to articulate "the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Id.* at 935-36 (citation and quotation marks omitted); *see also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (noting that "this Court does not accept bald assertions of sentencing errors"). Therefore, Kania fails to raise a substantial question for our review.

Even if we were to find a substantial question, Kania would not be entitled to relief.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024) (citation omitted).

If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa.

- 6 -

Super. 2022) (citation omitted); *see also Commonwealth v. Rhoades*, 8 A.3d at 912. 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

The trial court considered the presentence investigation report and sentencing guidelines. N.T., 3/11/2025, at 1-2, 11-12. The trial court reviewed a letter written by Kania and heard statements by Counsel about Kania's age, classes he takes, and his health concerns, all of which was also detailed in the presentence investigation report. *Id.* at 7-10. The trial court incorporated the presentence investigation report into its reasons for imposing the sentence and stated it considered "all the factors that go into sentencing, and the facts and circumstances surrounding [Kania.]" *Id.* at 12.

As such, there is no basis for this Court to conclude that the trial court abused its discretion in sentencing Kania. Given that the trial court had the benefit of a presentence investigation report, we presume that it was aware of, and considered, all relevant sentencing factors. *See Miller*, 275 A.3d at 535. Therefore, for all of the reasons stated hereinabove, we agree with Counsel that Kania's sentencing claim is frivolous.

Our independent review of the record reveals no non-frivolous issues that Kania could raise on appeal. *See Dempster*, 187 A.3d at 272. We

- 7 -

therefore grant Counsel's petition to withdraw and affirm Kania's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/10/2025